**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION**

**KAMEKO R. WILLIAMS, as the Natural Daughter
and Next Friend of James Lee Brownlee, Deceased,
and on Behalf of all of the Heirs-at-Law and Wrongful
Death Beneficiaries of James Lee Brownlee, Deceased**     **PLAINTIFF**

**v.**                         **Civil Action No. 1:18-CV-00128-GHD-DAS**

**PATROLMAN ADAM ZACHARY, in his
Individual Capacity; COLONEL CHRIS
GILLARD, of the Mississippi Highway Safety
Patrol, in his Official Capacity; DEPUTY
"FNU" SHANKLE, in his Individual
Capacity; DEPUTY "FNU" WESTMORELAND,
in her Individual Capacity; SHERIFF
JAMES D. MEYERS, in his Individual
Capacity; and, OTHER UNKNOWN JOHN
AND JANE DOES 1-10**                         **DEFENDANTS**

<u>**MEMORANDUM IN SUPPORT OF JUDGMENT ON THE PLEADINGS
OR SUMMARY JUDGMENT BASED ON QUALIFIED IMMUNITY**</u>

      **NOW COME**, Defendants, Deputy "FNU" [Cody] Shankle and Sheriff James D. Meyers, in Their Individual Capacities, by counsel, and respectfully file their Memorandum of Authorities Supporting Judgment on the Pleadings and/or Summary Judgment based on qualified immunity, as follows:

      **1. PREMISE:** The two Chickasaw County individual defendants served to-date consist of Sheriff Meyers [*not involved*] and Jailor Cody Shankle [*reasonable care documented via written reports and video*]. Both are named only in their individual capacities. Plaintiff's Complaint fails as a matter of law to allege an individualized constitutional claim with the degree of specificity required to meet their qualified immunity burden. These Defendants are not subject to discovery,

1

trial by jury or exposure to damages because there is no evidence that either acted outside the scope of their respective authorities, were objectively unreasonable or behaved in any way inconsistent with clearly established law. As of yet, there is no final autopsy. Plaintiff cannot prove death by anything other than natural causes as listed by the coroner. In short, there is no wrongful death as a matter of law in any event.

      A.    Pursuant to *Fed. R. Civ. Proc,* Rule 12 (e) - a more definite statement should be required in the alternative on the basis that Plaintiff's pleading is so vague or ambiguous that Defendants cannot reasonably be required to frame a responsive pleading thereto.

      B.    That the Plaintiffs' claim is legally frivolous and fail to meet the heightened pleading standard. Dismissal is proper pursuant to *Miss. R. Civ. Proc.* 12(b)(6) and (c), in the alternative.

      C.    Pursuant to *Miss. R. Civ. Proc.,* Rule 56, to the extent the jail records and video remove this from Rule 12 consideration, Plaintiff cannot meet her qualified immunity burden of production as to either of the respective individuals warranting judgment as a matter of law.

Accordingly, the claims against these defendants should be dismissed by the Court via Rule 12(b)(6) and (c) and/or Rule 56 - *Fed. R. Civ. Proc.*, or in the alternative, the Court should require Plaintiffs to submit a *Schultea Reply* sufficient to meet the heightened pleading standard.

    **2.**    Plaintiff seeks actual and punitive damages for the wrongful death of James Lee Brownlee, who died in his sleep of a heart attack following his arrest by a state trooper on the night of July 4, 2016, for misdemeanor offenses of driving under the influence, driving while license was

suspended, no proof of insurance, seatbelt violation, possession of open container, and child endangerment. The family claims they put the trooper on notice of health problems. The County facility was not advised of this. We have a full file, including video from earlier in the evening. Brownlee indicated no medical needs, requested no medical treatment and gave no indication of any suicidal ideation during booking. The jail officer noted Brownlee to be intoxicated. The closest thing to a medical issue was the decedent making a complaint of his stomach hurting while he was in booking and requesting toilet paper for the restroom. The jail officer escorted him to the restroom and provided toilet paper. The jail officer later gave him a blanket. The jail officer later escorted him to his cell. There were no further complaints.

3. Pursuant to *Fed. R. Civ. Proc. 8(a)*, Plaintiffs make the following allegations:

¶ 7. Defendant [Cody] Shankle is an employee of the Chickasaw County, Mississippi Sheriff's Department - acting under color of state law.

¶ 9. Defendant Sheriff Meyers is an employee of the Chickasaw County, Mississippi Sheriff's Department - acting under color of state law.

¶ 17. Defendants Shankle and Westmoreland [not served] - acted with deliberate indifference by ignoring Brownlee's medical complaints - putting him in a "lockdown cell," even though they knew that Mr. Brownlee then had a serious medical need for medical attention.

¶ 18. Defendant Shankle and Defendant Westmoreland [not served] - left Brownlee in the lockdown cell without properly checking on him or giving him medical attention.

¶ 19. Brownlee's serious medical conditions, including a heart attack, were obvious.

¶ 20. Because of the willful indifference of the Defendants toward Mr. Brownlee's known

serious medical needs, Mr. Brownlee died of a heart attack

¶ 21. Pretrial detainees have the Constitutional right under the Eighth and Fourteenth Amendments to the United States Constitution to not suffer infliction of cruel and unusual punishment.

¶ 22. Pretrial detainees have the Constitutional right under the Eighth and Fourteenth Amendments to the United States Constitution to be provided with medical care when they suffer from known serious medical needs.

¶ 28. Defendant Meyers in serving as the Sheriff of the Chickasaw County, Mississippi Sheriff's Department was responsible for maintaining policies, customs, procedures, and practices to ensure that prisoners are given medical attention when they suffer from known serious medical needs.

¶ 29. Defendant Meyers and the Chickasaw County, Mississippi Sheriff's Department have a policy, custom, procedure, and practice of failing to ensure that prisoners are given medical attention when they suffer from known serious medical needs.

¶30. Defendant Meyers and the Chickasaw County, Mississippi Sheriff's Department have a policy, custom, procedure, and practice of failing to ensure that MHSP Patrolmen are adequately trained to detect when prisoners are suffering from serious medical needs.

¶ 31. Defendant Meyers and the Chickasaw County, Mississippi Sheriff's Department have a policy, custom, procedure, and practice of failing to ensure that MHSP Patrolmen provide adequate medical attention when they recognize that prisoners have serious medical needs.

¶ 32.   Defendant Meyers and the Chickasaw County, Mississippi Sheriff's Department know that failing as described in Numbered Paragraphs 28-31, above, can result in damage and other seriously harmful ways, to include the death of prisoners.

¶ 36.   Defendants Zachary, Shankle, and Westmoreland acted under color of state law in knowingly depriving Mr. James Lee Brownlee of a known right secured by the Constitution and laws of the United States of America.

¶ 37.   That such deprivation was of Mr. James Lee Brownlee's right under the Eighth and Fourteenth Amendments to the United States Constitution to be free from cruel and unusual punishment and to be provided adequate medical care in response to his known serious medical needs.

¶ 38.   Defendants Gillard [MHP] and Meyers also acted under color of law in knowingly depriving Mr. James Lee Brownlee of his known right to be free from cruel and unusual punishment and to be provided adequate medical care in response to his known serious medical needs in establishing, maintaining, and carrying out customs, policies, and practices that resulted in that deprivation.

¶ 46.   Plaintiff prays for actual and punitive damages against the individual Defendants for Defendants' deliberate indifference to medical needs, ultimately culminating in James Lee Brownlee's unnecessary and prolonged suffering and death, and because said negligence proximately caused Brownlee's unnecessary and prolonged suffering and death.  Further, Plaintiff prays for reasonable attorneys' fees and costs.

Respectfully, these threadbare allegations do not satisfy the heightened pleading standard required to overcome qualified immunity as Plaintiff's allegations which merely group everyone

together and offer nothing more than the conclusory assertion that Defendant Shankle ignored a known serious medical need or that Defendant Meyers needs better policies. Law enforcement officials, "like other public officials acting within the scope of their official duties, are shielded from claims of civil liability, including § 1983 claims, by qualified immunity." *Morris v. Dillard Dept. Stores, Inc.,* 277 F.3d 743, 753 (5th Cir. 2001).

### 4. STANDARD

The standard for addressing a motion for judgment on the pleadings under Rule 12(c) is the same as that for addressing a motion to dismiss under Rule 12(b)(6). *In re Great Lakes Dredge & Dock Co.,* 624 F.3d 201, 209–10 (5th Cir. 2010). Thus, to survive moving Defendant's Motion, Plaintiff's Complaint must provide the grounds for entitlement to relief—including factual allegations that when assumed to be true "raise a right to relief above the speculative level." *Cuvillier v. Sullivan,* 503 F.3d 397, 401 (5th Cir. 2007)(quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 553-56 (2007)). The Complaint must allege "sufficient factual matter…to state a claim that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. A court should not accept "threadbare recitals of a cause of action's elements, supported by mere conclusory statements," which "do not permit the court to infer more than the mere possibility of misconduct." *Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1949-50 (2009).

Although a court must take the factual allegations in the complaint as true and construe them in the light most favorable to the plaintiff, this "tenet" is "inapplicable to legal conclusions." *Iqbal,* 556 U.S. at 678. In other words, "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Fernandez-Montes v. Allied*

together and offer nothing more than the conclusory assertion that Defendant Shankle ignored a known serious medical need or that Defendant Meyers needs better policies. Law enforcement officials, "like other public officials acting within the scope of their official duties, are shielded from claims of civil liability, including § 1983 claims, by qualified immunity." *Morris v. Dillard Dept. Stores, Inc.,* 277 F.3d 743, 753 (5th Cir. 2001).

### 4. STANDARD

The standard for addressing a motion for judgment on the pleadings under Rule 12(c) is the same as that for addressing a motion to dismiss under Rule 12(b)(6). *In re Great Lakes Dredge & Dock Co.,* 624 F.3d 201, 209–10 (5th Cir. 2010). Thus, to survive moving Defendant's Motion, Plaintiff's Complaint must provide the grounds for entitlement to relief—including factual allegations that when assumed to be true "raise a right to relief above the speculative level." *Cuvillier v. Sullivan,* 503 F.3d 397, 401 (5th Cir. 2007)(quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 553-56 (2007)). The Complaint must allege "sufficient factual matter…to state a claim that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. A court should not accept "threadbare recitals of a cause of action's elements, supported by mere conclusory statements," which "do not permit the court to infer more than the mere possibility of misconduct." *Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1949-50 (2009).

Although a court must take the factual allegations in the complaint as true and construe them in the light most favorable to the plaintiff, this "tenet" is "inapplicable to legal conclusions." *Iqbal,* 556 U.S. at 678. In other words, "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Fernandez-Montes v. Allied*

*Pilots Ass'n,* 987 F.2d 278, 284 (5th Cir. 1993). Regardless, dismissal is warranted when the complaint "on its face show[s] a bar to relief." *Clark v. Amoco Prod. Co.,* 794 F.2d 967, 970 (5th Cir. 1986).

The Court may also consider documents referenced in, and/or attached to, the plaintiff's Complaint in ruling on a motion to dismiss. *Funk v. Stryker Corp.,* 631 F.3d 777, 783 (5th Cir. 2011). Similarly, on a motion to dismiss, the Court may take judicial notice of documents in the public record. *See R2 Investments LDC v. Phillips,* 401 F.3d 638, 640 n.2 (5th Cir. 2005).

Alternatively, Rule 56 "Summary judgment is appropriate when there are no genuine issues as to any material facts, and the moving party is entitled to judgment as a matter of law." *Norwegian Bulk Transp. A/S v. Int'l Marine Terminals P'ship,* 520 F.3d 409, 411 (5th Cir.2008) (citing *Celotex Corp. v. Catrett,* 477 U.S. 317, 322–23 (1986)). To award summary judgment, "[a] court must be satisfied that no reasonable trier of fact could find for the nonmoving party or, in other words, that the evidence favoring the nonmoving party is insufficient to enable a reasonable jury to return a verdict in her favor." *Id*. at 411–12 (internal quotation marks omitted). To this end, "[t]he moving party bears the burden of establishing that there are no genuine issues of material fact." *Id*. at 412.

"If, as here, the nonmoving party bears the burden of proof at trial, the moving party may demonstrate that it is entitled to summary judgment by submitting affidavits or other similar evidence negating the nonmoving party's claim, or by pointing out to the district court the absence of evidence necessary to support the nonmoving party's case." *Morris v. Covan World Wide Moving, Inc.,* 144 F.3d 377, 380 (5th Cir.1998). If the moving party makes the necessary demonstration, "the burden shifts to the nonmoving party to show that summary judgment is inappropriate." *Id*. In making this showing, "the nonmoving party must go beyond the pleadings and by her own affidavits,

or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Cotroneo v. Shaw Env't & Infrastructure, Inc.,* 639 F.3d 186, 191–92 (5th Cir.2011) (internal punctuation omitted). When considering a motion for summary judgment, the Court "resolve[s] factual controversies in favor of the nonmoving party." *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir.1994).

### 5. FEDERAL RIGHT AT ISSUE

The instant claim was filed under 42 U.S.C. §1983.[1] Plaintiff has the burden of proof which is necessarily that of an underlying 14th Amendment violation for the in-custody death by apparent natural causes of a pretrial detainee.[2] The Fifth Circuit has adopted the same standard for evaluating a jail official's episodic acts or omissions for both pretrial detainees and convicted prisoners. *Hare v. City of Corinth,* 74 F.3d 633, 643 (5th Cir. 1996)(en banc).

A clearly established right of the detainee is not violated by a "mere oversight." *Lemoine v. New Horizons Ranch & Center, Inc.,* 174 F.3d 629, 635 (5th Cir. 1999). The individual jailor here must have "subjective knowledge of a substantial risk of serious harm to a pretrial detainee but respond with deliberate indifference to that risk." *Hare II*, 74 F.3d at 650. In short, to defeat qualified immunity Plaintiff must establish that the individual jailor here was aware of a substantial and significant risk or serious medical need, but effectively disregarded it. See *Jacobs v. West*

---

[1] Title 42 U.S.C. § 1983 provides in relevant part:

"Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . ."

[2] *Hare v. City of Corinth,* 74 F.3d 633, 643 (5th Cir. 1996)(en banc).

*Feliciana Sheriff's Dept.,* 228 F.3d 388, 395 (5th Cir. 2000); and, *Farmer v. Brennan,* 511 U.S. 825, 114 S. Ct. 1970, 1984, 128 L. Ed. 2d 811 (1994). To overcome an assertion of qualified immunity, a plaintiff bears the initial burden of showing that the officer's conduct violated a constitutional or statutory right. *Hope v. Pelzer,* 536 U.S. 730, 736, 122 S. Ct. 2508, 153 L. Ed. 2d 666 (2002). The analysis is "based on the viewpoint of a reasonable official in light of the information then available to the defendant . . . ." *Freeman v. Gore,* 483 F.3d 404, 411 (5th Cir. 2007). Consideration is given to all facts known to the defendant, but not to a particular defendant's state of mind. *Thompson v. Upshur County,* Tex., 245 F.3d 447, 457 (5th Cir. 2001).

Active treatment of a medical condition is not deliberate indifference. *Stewart v. Murphy,* 174 F. 3d 530, 534-535 (5th Cir. 1999). A claim that additional diagnostic techniques or forms of treatment should have been utilized is inadequate for purposes of a § 1983 claim. *Estelle v. Gamble,* 429 U.S. 97, 107, 50 L. Ed. 2d 251, 97 S. Ct. 285 (1979). As a matter of law, mere disagreement with medical treatment is not deliberate indifference. *Gibbs v. Grimmette,* 254 F.3d 545, 549 (5th Cir. 2001), *cert. denied,* 534 U.S. 1136, 151 L. Ed. 2d 983, 122 S. Ct. 1083 (2002).

Rather, deliberate indifference occurs when a jailor recklessly disregards a substantial risk of serious harm to an inmate. *Farmer v. Brennan,* 511 U.S. 825, 128 L. Ed.2d 811, 114 S. Ct. 1970 (1994). "Deliberate indifference is a degree of culpability beyond mere negligence or even gross negligence; it must amount to an intentional choice, not merely an unintentionally negligent oversight." J*ames v. Harris County,* 577 F. 3d 612, 617-618 (5th Cir. 2009)(Citing *Rhyne v. Henderson County,* 973 F.2d 386, 392 (5th Cir. 1992); and, *Conner v. Travis County,* 209 F.3d 794, 796 (5th Cir. 2000)). It is not enough that the diagnosis is incorrect. *Domino v. Tex. Dep't of Criminal Justice,* 239 F.3d 752, 756 (5th Cir. 2001). The prisoner must instead establish that

officials "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Johnson v. Treen,* 759 F.2d 1236, 1238 (5th Cir. 1985).

[TRAINING AND SUPERVISION]

To prevail on a "failure to train theory" a plaintiff must demonstrate: (1) that the municipality's training procedures were inadequate, (2) that the sheriff was deliberately indifferent in adopting its training policy, and (3) that the inadequate training policy directly caused the violations in question. *World Wide Street Preachers Fellowship v. Town of Columbia,* 591 F.3d 747, 756 (5th Cir. 2009) (citations omitted). The Fifth Circuit has held that when officers have received training as required by state law, the plaintiff must show that the legal minimum of training was inadequate. *Benavides v. County of Wilson,* 955 F.2d 968, 973 (5th Cir. 1992). There is nothing here to indicate a lack of training.

Under § 1983, a sheriff with no personal involvement in the conduct that led to the deprivation of a constitutional right is still liable if: (1) he failed to train or supervise the jail officers involved; (2) a causal connection exists between the sheriff's failure to train and the violation of the rights of the plaintiff; and (3) the sheriff's failure "constituted deliberate indifference to the plaintiff's constitutional rights." *Thompson v. Upshur Cnty,* 245 F.3d 447, 459 (5th Cir. 2001) (citations omitted). Showing deliberate indifference is "an extraordinarily high burden". **Smith v. Turner,** 2008 U.S. Dist. LEXIS 101175 (N.D. Miss. Dec. 15, 2008). Yet, there is nothing here to indicate that Sheriff Meyers knew of any such threat. **See Exhibit B.**

**6. QUALIFIED IMMUNITY STANDARD**

Qualified immunity provides "ample protection to all but the plainly incompetent or those

who knowingly violate the law." *Malley v. Briggs,* 475 U.S. 335, 341 (1986). In assessing a claim of qualified immunity, courts should apply a two-part analysis. The threshold question is "whether Plaintiff's allegations establish a constitutional violation." *Hope v. Pelzer,* 536 U.S. 730, 736 (2002). If "no constitutional right would have been violated were the allegations established, there is no necessity for further inquiries concerning qualified immunity." *Saucier v. Katz,* 533 U.S. 194 (2001); see also *Pearson v. Callahan,* 129 S. Ct. 808 (2009)("order of battle" delineated in *Saucier* is no longer mandatory). However, "if a violation could be made out, the next sequential step is to ask whether the right was clearly established." *Id*. at 201. The "relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation confronted." *Id*. at 202.

Individual liability thus turns on the objective legal reasonableness of the defendant's actions assessed in light of clearly established law at the time. *Hunter v. Bryant,* 502 U.S. 224, 228 (1991). It is certainly not the defendant's burden to articulate the authority upon which qualified immunity should be granted.

In assessing whether the law was clearly established at the time, the court is to consider all relevant legal authority, whether cited by the parties or not. *Elder v. Holloway,* 510 U.S. 510, 512 (1994). If public officials of reasonable competence could differ on the lawfulness of defendant's actions, the defendant is entitled to qualified immunity. *Mullenix v. Luna,* 136 S. Ct. 305, 308 (2015). Ultimately, where a defendant relies on qualified immunity, the burden is on the plaintiff to negate the defense. *Kovacic v. Villarreal,* 628 F. 3d 209, 211 (5th Cir. 2010).

To be clearly established, existing precedent must place the statutory or constitutional question beyond debate. *White v. Pauly,* 137 S. Ct. 548, 551 (2017). That is, the clearly established

law upon which Plaintiffs rely should not be defined at a high level of generality, but must be particularized to the facts of the case. *Id*. at 552. Thus, the failure to identify a case where an officer acting under similar circumstances was held to have violated a plaintiff's rights will most likely defeat plaintiff's ability to overcome a qualified immunity defense. *Id*.; *Surratt v. McClarin,* 851 F.3d 389, 392 (5th Cir. 2017)(Plaintiff could not point to any binding precedent where a similarly situated officer was found to have violated the Fourth Amendment.).

The purpose of qualified immunity is to protect public officials from the "burden of fighting lawsuits which arise from the good-faith performance of their duties." *Wren v. Towe,* 130 F.3d 1154, 1159 (5th Cir. 1997). Thus, qualified immunity "is not just immunity from judgment, but rather, is immunity from all aspects of suit." *Jacques v. Procunier,* 801 F.2d 789, 791 (5th Cir. 1986). The qualified immunity issues in a case are "threshold" issues and must be dealt with as expeditiously as possible and prior to resolving non-immunity issues. See *Harlow v. Fitzgerald,* 102 S. Ct. 2727, 2728 (1982); see also L. U. Civ R. 16.1(B)(4).

To fulfill the protective purpose of qualified immunity, the Fifth Circuit has long required more than mere "notice pleadings" when a claimant asserts a Section 1983 claim against an official in his individual capacity. *Elliott v. Perez,* 751 F.2d 1472 (5th Cir. 1985). More specifically, when an officer raises the qualified immunity defense, a complaint "must present more than bald allegations and conclusory statements." *Wicks v. Mississippi State Employment Svcs.,* 41 F.3d 991, 995 (5th Cir. 1995). In fact, a plaintiff must "allege with sufficient particularity all facts establishing a right to recovery, including facts which negate the official's immunity defense." *Wicks,* 41 F.3d at 995; see also *Nunez v. Simms,* 341 F.3d 385 (5th Cir. 2003)(holding that heightened pleading in qualified immunity cases requires plaintiffs rest complaint on more than conclusions alone); *Foster*

*v. City of Lake Jackson,* 28 F.3d 425 (5th Cir. 1994)(burden of negating qualified immunity defense lies with plaintiff). Plaintiff "cannot be allowed to rest on general characterizations, but must speak to the factual particulars of the alleged actions." *Floyd v. City of Kenner,* 351 Fed. Appx. 890, 893 (5th Cir. 2009)(citing *Schultea v. Wood,* 47 F.3d 1427, 1433-34 (5th Cir. 1995)). Furthermore, "[h]eightened pleading requires allegations of fact focusing specifically on the conduct of the individual who caused the plaintiff's injury." *Reyes v. Sazan,* 168 F.3d 158, 161 (5th Cir. 1999). .

### 7. DISCUSSION

Plaintiff's Complaint does not meet the heightened pleading standard. The complaint contains no "factual particulars" of the alleged serious medical condition being made known to the individual jailor - certainly not to the sheriff, *Schultea,* 47 F.3d at 1432, and it does not contain enough facts for the "court to draw the reasonable inference that the [individual defendants are] liable for the harm he has alleged . . . ." In other words, a "plaintiff seeking to overcome qualified immunity must plead specific facts that both allow the court to draw the reasonable inference that the defendant is liable for the harm [she] has alleged and that defeat a qualified immunity defense with equal specificity." *Backe v. Leblanc,* 691 F.3d 645, 648 (5th Cir. 2012). Throughout the Complaint, individuals are grouped together improperly. See *Bivens v. Forrest Cnty.,* No. 2:13-CV-8-KS-MTP, 2015 WL 1457529, at *7 (S.D. Miss. Mar. 30, 2015)(holding that "collective allegations" against multiple defendants are insufficient to meet the heightened pleading standard).

**Cody Shankle** booked Brownlee, tended to the basic human needs as expressed to him by Brownlee - bathroom - blanket - mattress - quiet cell to sleep it off - observed him sleeping - summoned help immediately when Brownlee did not awaken. **Exhibit A.** Shankle did nothing blatantly wrong under clearly established law. A compelling case for qualified immunity exists here.

**Sheriff Meyers** was not there and was not in direct supervision of the facility. The boilerplate comments about policies are just that. Nothing alleged stands up to individualized proof for either an individual constitutional deprivation by Sheriff Meyers or an individualized constitutional exposure on a supervisory level. **Exhibit B.** Likewise, a compelling case for qualified immunity exists here.

### 8. NO WRONGFUL DEATH

The case of *Phillips v. Monroe Cty.,* 311 F.3d 369, 371 (5th Cir. 2002) held that a plaintiff seeking to recover on a wrongful death claim under § 1983 must prove both the alleged constitutional deprivation required by § 1983 and the causal link between the defendant's unconstitutional acts or omissions and the death of the victim, as required by the state's wrongful death statute. Affirming summary judgment, the court noted that the mother of a deceased inmate could not recover for wrongful death under State law without proving that the death was caused by the county and the doctors. The plaintiff could not meet this burden as the deceased inmate died of a rapidly spreading form of cancer and had been sent to a state facility by local officials so that he could have care there.

The case of *Campbell v. McMillin,* 83 F. Supp.2d 761 (S.D. Miss. 2000), was a § 1983 claim where the survivors of an inmate who died of cardiovascular failure after being without prescription medication for two or three days sued the county and various individual custodians, alleging violation of the Eighth Amendment. In *Campbell,* Judge Barbour granted summary judgment in the Defendants' favor recognizing that "In all but the simple and routine cases. . . it is necessary to establish medical causation by expert testimony."

As of yet, there is no final autopsy. Plaintiffs cannot prove death by anything other than

natural causes via heart attack as listed by the coroner. In short, there is no wrongful death as a matter of law in any event. Conclusory allegations that anyone involved somehow caused Brownlee to have a heart attack or that he even had one are mere conjecture.

This returns us back to square one - Qualified Immunity relieves these defendants from the "burden of fighting lawsuits which arise from the good-faith performance of their duties." *Wren v. Towe,* 130 F.3d 1154, 1159 (5th Cir. 1997). Plaintiffs do not get to go fishing for a theory causing Defendants to incur costs and expenses when there exists no tangible medical evidence that Brownlee did anything other than die of an apparent heart attack in his sleep.

**NOW, THEREFORE,** these individual Defendants respectfully pray should be dismissed by the Court via Rule 12(b)(6) and (c) and/or Rule 56 - *Fed. R. Civ. Proc.*, or in the alternative, the Court should require Plaintiffs to submit a *Schultea Reply* sufficient to meet the heightened pleading standard.

**RESPECTFULLY SUBMITTED** this the 4th day of October, 2018.

                                        **JACKS | GRIFFITH | LUCIANO, P.A.**

By:   /s/ *Daniel J. Griffith*
       Daniel J. Griffith, MS Bar No. 8366
       Mary McKay Griffith, MS Bar No. 100785
       Attorney for Defendants Deputy "FNU"
       Shankle, and Sheriff James D. Meyers, in
       Their Individual Capacities

Of Counsel:

**JACKS GRIFFITH LUCIANO, P.A.**
150 North Sharpe Street
P.O. Box 1209
Cleveland, MS 38732
Phone: 662-843-6171
Fax: 662-843-6176
Email: dgriffith@jlpalaw.com
       mgriffith@jlpalaw.com

Gary Carnathan
**CARNATHAN & McAULEY**
P. O. Box 70
Tupelo, MS 38802
Phone: 662-842-3321
Email: carnathanlaw@redmagnet.com

## CERTIFICATE OF SERVICE

I, Daniel J. Griffith, attorney of record for Defendants, Deputy "FNU" Shankle, Deputy "FNU" Westmoreland, and Sheriff James D. Meyers, in Their Individual Capacities, do hereby certify that I have this day caused a true and correct copy of the above and foregoing *Memorandum of Authorities Supporting Judgment on the Pleadings and/or Summary Judgment Based on Qualified Immunity* to be delivered by the ECF Filing System to the following:

> Eugene Carlos Tanner, III
> Tanner & Associates, LLC
> 263 East Pearl Street
> P. O. Box 3709
> Jackson, MS 39201
> Phone: (601) 460-1745
> Fax: (662) 796-3509
> Email: carlos.tanner@thetannerlawfirm.com
> **Attorney for Plaintiff**

**DATED** this 4th day of October, 2018.

/s/ ***Daniel J. Griffith***
Daniel J. Griffith