**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION**

**KAMEKO R. WILLIAMS, as the natural daughter
And next friend of James Brownlee, deceased and
on behalf of all of the heirs-at-law and wrongful
death beneficiaries of James Lee Brownlee, Deceased**                    **PLAINTIFF**

**VS.**                                  **CIVIL ACTION NO. 1:18-CV-128-GHD-DAS**

**PATROLMAN ADAM ZACHARY, in his
Individual Capacity; COLONEL CHRIS
GILLARD, of the Mississippi Highway Safety
Patrol, in his Official Capacity; DEPUTY
"FNU" SHANKLE, in his Individual
Capacity; DEPUTY "FNU" WESTMORELAND,
in her Individual Capacity; SHERIFF
JAMES D. MEYERS, in his Individual
Capacity; and, OTHER UNKNOWN JOHN
AND JANE DOES 1-10**                                  **DEFENDANTS**

**MEMORANDUM IN SUPPORT OF
MOTION TO DISMISS BASED ON
<u>ELEVENTH AMENDMENT IMMUNITY</u>**

COMES NOW, Defendant, Colonel Chris Gillard, through undersigned counsel, and submits his memorandum in support of his Motion to Dismiss Based on Eleventh Amendment Immunity pursuant to Fed. R. Civ. P. 12(b)(1) and would show unto the Court as follows:

**INTRODUCTION & BACKGROUND**

Plaintiff's suit arises out of the death of James Lee Brownlee.  *Compl*. [1] p. 1. Plaintiff alleges that Brownlee died of a heart attack on July 5, 2016, after having been arrested by a Mississippi Highway Patrolman on July 4, 2016.  *Id*. at ¶¶ 13-20.  Plaintiff alleges, among other things, that Col. Gillard is, in part, responsible for this death.  *Id*.

at ¶¶ 23-26. Specifically, Plaintiff alleges that Col. Gillard and the Mississippi Highway Patrol "have a policy, custom, procedure, and practice of failing to ensure that prisoners are given medical attention when they suffer from known serious medical needs." *Id*. at ¶¶ 24 & 26. Additionally, Plaintiff claims that Col. Gillard and the Highway Patrol "have a have a policy, custom, procedure, and practice of failing to ensure that MHSP Patrolmen are adequately trained to detect when prisoners are suffering from serious medical needs." *Id*. at ¶ 25. Col. Gillard is being sued in his official capacity only and Plaintiff is only seeking to recover monetary damages in this matter. Id. at ¶¶ 40 – 45.

## LEGAL STANDARD

"A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1187 (2d Cir. 1996) (quoted favorably in *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998)). Dismissal for lack of subject matter jurisdiction may be based upon: "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Barrera-Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1996); *Voluntary Purchasing Grps., Inc. v. Reilly*, 889 F.2d 1380, 1384 (5th Cir. 1989). When a defendant files a Rule 12(b)(1) motion without any accompanying evidence, the Court will accept all well-pleaded allegations in the complaint as true, and construe those

allegations in a light most favorable to the plaintiff. *See Den Norske Stats Oljeselskap As v. HeereMac v.oj*, 241 F.3d 420, 424 (5th Cir. 2001).

In a case such as this, where the defendant is entitled to Eleventh Amendment immunity, the Court lacks subject matter jurisdiction over Plaintiff's claims. See *Mahogany v. La. State Sup. Ct.*, 262 Fed.Appx. 636, 636 (5th Cir. 2008) (per curiam) ("A federal district court lacks subject matter jurisdiction where the named defendants are protected by Eleventh Amendment immunity.").

## ARGUMENT

Col. Gillard is entitled to Eleventh Amendment immunity in this matter, and he is not amenable to suit as he is not a "person" under the meaning of 42 U.S.C. § 1983.

### I.    Sovereign Immunity

Plaintiff's claims for damages against Col. Gillard, in his official capacity, are due to be dismissed because he is immune from suit.

### A.  Eleventh Amendment Immunity

The principle of sovereign immunity is reflected in the Eleventh Amendment, which precludes suits brought by private citizens against states in federal courts unless the State has waived its immunity. U.S. Const. Amend. XI; *Bd. of Trs. of Univ. of Ala. v. Garrett*, 531 U.S. 356, 363 (2001).

Congress did not abrogate Eleventh Amendment immunity in enacting § 1983. *Quern v. Jordan*, 440 U.S. 332, 341 (1979). Additionally, Mississippi has not waived its right to sovereign immunity. See Miss. Code Ann. § 11-46-5(4) ("Nothing contained in

3

this chapter shall be construed to waive the immunity of the state from suit in federal courts guaranteed by the Eleventh Amendment to the Constitution of the United States.").

Sovereign immunity extends to any state agency or department deemed to be an "arm of the state." *Perez v. Region 20 Educ. Serv. Ctr.*, 307 F.3d 318, 326-27 (5th Cir. 2002). "This immunity also extends to state officials who are sued in their official capacities because such a suit is actually one against the state itself." *New Orleans Towing Ass'n, Inc. v. Foster*, 248 F.3d 1143, 2001 WL 185033, at *3 (5th Cir. Feb. 6, 2001); see *Hafer v. Melo*, 502 U.S. 21, 25, 112 S.Ct. 358, 116 L.Ed.2d 301 (1991) (citing *Kentucky v. Graham*, 473 U.S. 159, 166, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985)); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 117, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984)).

The Mississippi Department of Public Safety and the Mississippi Highway Patrol have both long been considered arms of the State. Indeed, courts in both the Northern and Southern Districts have routinely drawn this conclusion. See, *Brown v. Simpson*, 2009 WL 2449898, at *1 n. 1 (N. D. Miss. Aug. 7, 2009) (finding that "there is no question that the Mississippi Department of Public Safety is an arm of the State"); *Delaney v. Miss. Dep't of Pub. Safety*, No. 3:12cv229, 2013 WL 286365, at *3 (S.D. Miss. Jan. 24, 2013) ("MDPS is an agency of the State and entitled to Eleventh Amendment immunity absent waiver or abrogation.") (citation omitted), aff'd, 554 F. App'x 279 (5th Cir. 2014); *Wamble v. County of Jones*, No. 2:09cv103, 2012 WL 2088820, at *6 (S.D. Miss. June 8, 2012) (finding the MDPS and MHP to be immune from liability and dismissing for lack of

4

subject matter jurisdiction); *Whitfield v. City of Ridgeland*, 876 F.Supp.2d 779, 784 (S.D. Miss. 2012) (same); *Hopkins v. Mississippi*, 634 F. Supp. 2d 709, 712–13 (S.D. Miss. 2009) (dismissing the plaintiff's official capacity claims against a state trooper, as well as his claims against the MDPS and MHP, pursuant to the Eleventh Amendment); *Meaux v. Mississippi*, No. 1:14CV323-KS-RHW, 2015 WL 3549579, at *3 (S.D. Miss. June 8, 2015); *Hawn v. Hughes*, No. 1:13-CV-00036- GHD, 2014 WL 4384236, at *5 (N.D. Miss. Sept. 3, 2014). With this, there can be no doubt that the Eleventh Amendment bars Plaintiff's suit against Col. Gillard. E.g., *Edelman v. Jordan*, 415 U.S. 651, 663 (1974) ("a suit by private parties seeking to impose a liability which must be paid from public funds in the state treasury is barred by the Eleventh Amendment"); *Mohler v. Mississippi*, 782 F.2d 1291, 1292-93 (5th Cir. 1986).

There is an exception that exists for suits against state officials in their official capacities, but it is for prospective injunctive relief only. In *Ex Parte Young*, the Supreme Court recognized a narrow exception to Eleventh Amendment immunity which allows a state official to be sued in his or her official capacity for injunctive relief. 209 U.S. 123, 159–160 (1908). "This exception strips the individual state actor of immunity and allows a private citizen to sue that individual in federal court for prospective injunctive relief based on allegations that the actor violated federal law." *McKinley v. Abbott*, 643 F.3d 403, 406 (5th Cir. 2011). A state official can be sued in his or her official capacity for injunctive relief under § 1983 because "official-capacity actions for prospective relief are not treated as actions against the State." *Kentucky v. Graham*, 473 U.S. 159, 167, n. 14

(1985) (citing *Ex parte Young*, 209 U.S. at 159–160). One of the requirements for the applicability of *Ex Parte Young*, however, is that a complaint must allege that the defendant is violating federal law, not simply that the defendant has done so. See *Green v. Mansour*, 474 U.S. 64, 71–73, 106 S.Ct. 423, 427–29, 88 L.Ed.2d 371 (1985).

Here, Plaintiff has not requested any injunctive relief. Even if Plaintiff's had requested injunctive relief, any alleged constitutional violations are not ongoing which would make *Ex Parte Young* inapplicable in this matter.

**B. Col. Gillard, in his official capacity, is not a person under § 1983**

In addition to being barred by Eleventh Amendment immunity, Plaintiff's federal claims are improper as Col. Gillard, in his official capacity, is not a party that can be sued under 42 U.S.C. § 1983. The United States Supreme Court has succinctly held that the State, arms of the State and state officials sued in their official capacity are not "persons" within the meaning of 42 U.S.C. § 1983. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989). This holding likewise applies to "any governmental entities that are considered 'arms of the State' for Eleventh Amendment purposes." *Id*. at 70. Thus, as a matter of statutory interpretation, Col. Gillard, in his official capacity, is not amenable to suit under § 1983 in federal court.

## CONCLUSION

For all of the reasons outlined above and in his Motion to Dismiss, Col. Gillard is entitled to Eleventh Amendment immunity and he is not amenable to suit under Section 1983 in this matter, and the suit against him is due to be dismissed.

DATE:      OCTOBER 8, 2018

        **COLONEL CHRIS GILLARD, Defendant**

        **JIM HOOD, ATTORNEY GENERAL
STATE OF MISSISSIPPI**

        **BY:** *_/s/ J. Chadwick Williams_*

J. Chadwick Williams (MSB #102158)
Special Assistant Attorney General
Office of the Attorney General
Civil Litigation Division
Post Office Box 220
Jackson, Mississippi 39205
Telephone: (601)359-3680
Facsimile:  (601) 359-2003
E-mail: cwill@ago.state.ms.us

## CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that I have this day electronically filed the foregoing document with the Clerk of the Court using the ECF system, which will automatically send notice to the following counsel of record:

> Eugene C. Tanner, III
> TANNER & ASSOCIATES LLC
> 263 E. Pearl Street
> Jackson, MS 39201
> 601-460-1745
> 662-796-3509 (fax)
> carlos.tanner@thetannerlawfirm.com
> *Attorney for Plaintiff*

> Daniel J. Griffith
> JACKS | GRIFFITH | LUCIANO, P.A.
> P. O. Box 1209
> 150 North Sharpe Avenue
> Cleveland, MS 38732-1209
> (662) 843-6171
> 662-843-6176 (fax)
> dgriffith@jlpalaw.com

> Mary McKay Griffith
> JACKS/GRIFFITH/LUCIANO, P.A.
> P.O. Box 1209
> 150 North Sharpe Avenue
> Cleveland, MS 38732
> 662-843-6171
> 662-843-6176 (fax)
> mgriffith@jlpalaw.com
> *Attorneys for Deputy "FNU" [Cody] Shankle*
> *and Sheriff James D. Meyers*

This, 8th day of October, 2018.

/s/ J. Chadwick Williams