**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**ABERDEEN DIVISION**

KAMEKO R. WILLIAMS, AS THE
NATURAL DAUGHTER AND NEXT FRIEND
OF JAMES LEE BROWNLEE, DECEASED AND
ON BEHALF OF ALL OF THE HEIRS-AT-LAW
AND WRONGFUL DEATH BENEFICIARIES
OF JAMES LEE BROWNLEE, DECEASED                          PLAINTIFF

v.                                          CAUSE NO:1:18cv128GHD-DAS

PATROLMAN ADAM ZACHARY, in his individual capacity;
COLONEL CHRIS GILLARD of the MISSISSIPPI HIGHWAY
SAFETY PATROL, in his official capacity;
DEPUTY CODY SHANKLE, in his individual capacity;
DEPUTY DIANA WESTMORELAND, in her individual capacity;
SHERIFF JAMES D. MEYERS, in his official capacity;
AND OTHER UNKNOWN JOHN AND JANE DOES 1-10           DEFENDANTS

**PLAINTIFF'S FED. R. CIV. P. 56(d) MOTION FOR ADDITIONAL TIME FOR AND**
**RESPONSE IN OPPOSITION TO PLAINTIFF'S**
**MOTION FOR SUMMARY JUDGMENT**

**COMES NOW**, Plaintiff Ms. Kameko R. Williams, as the natural daughter and

next friend of Mr. James Lee Brownlee, deceased, and on behalf of all the heirs at law

and wrongful death beneficiaries of James Lee Brownlee by and through her undersigned

counsel of record, and files pursuant to Fed. R. Civ. P. 56(d) requesting that the Court

deny plaintiff's premature alternative motion for summary judgment [Ct. Doc. No. 10] in

order to allow Plaintiff time to discover and ascertain facts necessary to establish that

Defendant Cody Shankle and Defendant Meyers are not entitled to qualified immunity.

The parties have yet to exchange discovery or even initial disclosures. To be sure,

Defendants' jointly filed motion included several dozen pages of exhibits and

attachments which highlight Plaintiff's need for qualified immunity discovery. Were it

not for those exhibits, for example, Plaintiff would not have known at this early stage that

Defendant Cody Shankle had been trained via testing sheets which were attached to his

Motion for Summary Judgment that law enforcement personnel in his position were

instructed to check on people it confined to lockdown cells every thirty minutes.  In other

exhibits to that Motion, the documents reflect that Defendant Shankle and his co-

defendant, Diana Westmoreland, only physically checked on Mr. James Brownlee

approximately every two hours or more.  Plaintiff needs other similar materials that it has

not yet had the opportunity to obtain from the defense that would impact this Court's

determination of whether Summary Judgment based on qualified immunity is appropriate

as to Defendants Shankle and Meyers.  This sort of relief would not prejudice either party

and would be consistent with notions of justice and fairness.

**WHEREFORE PREMISES CONSIDERED**, Plaintiff Kameko R. Williams

respectfully requests this Court grant her additional time to conduct discovery related to

the qualified immunity pursuant to Fed. R. Civ. P. 56(d).

**RESPECTFULLY SUBMITTED,** on this, the 29th day of October, 2018.

KAMEKO R. WILLIAMS, PLAINTIFF

By:  /s/ E. Carlos Tanner, III, Esq.
    E. CARLOS TANNER, III, Esq. (MSB 102713)
    TANNER & ASSOCIATES, LLC
    P.O. Box 3709
    Jackson, Mississippi  39207
    (601) 460-1745 Telephone
    (662) 796-3509 Facsimile
    Carlos.Tanner@thetannerlawfirm.com

ATTORNEY FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I, E. Carlos Tanner, III, do hereby certify that on this date, October 29, 2018, I have filed the foregoing Motion Additional Time to Conduct Qualified Immunity Related Discovery in Response to Defendants' Qualified Immunity Motion with the Clerk of Court for the U.S. District Court for the Northern District of Mississippi using the ECF system which caused a copy of the same to be delivered to all counsel of record in this cause.

ON THIS, the 29th day of October, 2018.

By: /s/ E. Carlos Tanner, III, Esq.
E. CARLOS TANNER, III, Esq. (MSB 102713)
TANNER & ASSOCIATES, LLC
P.O. Box 3709
Jackson, Mississippi 39207
(601) 460-1745 Telephone
(662) 796-3509 Facsimile
Carlos.Tanner@thetannerlawfirm.com