UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

KAMEKO R. WILLIAMS                                                    PLAINTIFF

v.                                                     Civil No. 1:18-cv-00128-GHD-DAS

ADAM ZACHARY, *et al.*                                                DEFENDANTS

## MEMORANDUM OPINION

The Court has before it Defendants James Meyers and Cody Shankle's motion for judgment on the pleadings, Doc. 10,; Defendant Chris Gilliard's motion to dismiss, Doc. 15; and Plaintiff Kameko Williams's motion to amend the complaint, Doc. 23. For the reasons set forth below Williams's motion to amend should be granted in part and denied in part, Gilliard's motion to dismiss should be granted, and Meyers and Shankle's motion for judgment on the pleadings should be denied as moot.

### Background

According to the original complaint, on July 4, 2016, Adam Zachary, a patrolman with the Mississippi Highway Safety Patrol, arrested James Lee Brownlee. Compl. ¶ 12, Doc. 1. Both during the actual arrest itself, and while Zachary transported him to jail, Brownlee repeatedly complained to Zachary of sharp pains in his extremities and chest. *Id.* ¶ 14.

Zachary took Brownlee directly to the Chickasaw County Detention Center. *Id.* ¶ 16. There two deputies with the Chickasaw County Sheriff's Department, Cody Shankle and Diana Westmoreland, took custody of Brownlee. Brownlee repeated his complaints to them. *Id.* ¶ 17. Despite these complaints, Shankle and Westmoreland placed Brownlee into a solitary confinement cell and did not provide him any medical attention. The next morning, July 5, 2016, Brownlee died of a heart attack at the jail. *Id.* ¶¶ 18–20.

Williams then brought this § 1983 wrongful death action. The complaint asserts that Zachary, Shankle, and Westmoreland violated Brownlee's Eighth and Fourteenth

1

Amendment rights by deliberately ignoring his medical needs and that that ignorance caused his death. Williams also sued Chris Gilliard, the Director of the Mississippi Highway Safety Patrol, in his official capacity, asserting that he failed to train Zachary, and that that failure caused Zachary to violate Brownlee's constitutional rights. Likewise, she sued James Meyers, the Sheriff of Chickasaw County, in his official capacity for failing to train Shankle and Westmoreland.

Gilliard filed a motion to dismiss asserting Eleventh Amendment immunity and Meyers and Shankle filed a motion for judgment in the pleadings, or in the alternative, a motion for summary judgment asserting qualified immunity. The Court dismissed Williams' claims against Zachary and Westmoreland without prejudice for failure to serve those defendants with process.

Williams then filed a motion to amend her complaint. With respect to Gilliard, the proposed amended complaint now asserts injunctive relief against him. Prop. First Am. Compl. ¶ 61, Doc. 23-1. With respect to Meyers and Shankles, the proposed amended complaint contains additional factional assertions related to the causes of action against them. *Id.* ¶¶ 19–27, 37–46

Gilliard, Meyers, and Shankle oppose this amended complaint, arguing that it does not correct any of the alleged deficiencies of the original.

## Analysis

A court should freely give leave to amend a pleading when justice requires. Fed. R. Civ. P 15(a)(2). "In the context of motions to amend pleadings, 'discretion' may be misleading, because Fed. R. Civ. P. 15(a) 'evinces a bias in favor of granting leave to amend.'" *Martin's Herend Imports, Inc. v. Diamond & Gem Trading United States of Am. Co.*, 195 F.3d 765, 770 (5th Cir. 1999) (quoting *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 597 (5th Cir.1981)).

However, "[t]he district court may deny leave to amend if the amendment would be futile because 'the amended complaint would fail to state a claim upon which relief could be granted.'" *McGee v. Citi Mortage, Inc.*, 680 F. App'x 287, 291 (5th Cir. 2017) (quoting *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 873 (5th Cir. 2000)). To determine whether the amended complaint is futile, the court should apply "the same standard of legal sufficiency as applies under Rule 12(b)(6)." *Stripling*, 234 F.3d at 873.

Applying this standard, Williams's motion to amend should be denied with respect to the claims against Gilliard. The proposed amended complaint fails to assert any claim against Gilliard over which this Court has jurisdiction.

The Eleventh Amendment provides that "[t]he judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI; "The Eleventh Amendment strips courts of jurisdiction over claims against a state that has not consented to suit." *Pierce v. Hearn Indep. Sch. Dist.*, 600 F. App'x 194, 197 (5th Cir. 2015) (per curiam) (citing *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100–01, 104 S. Ct. 900, 79 L. Ed. 2d 67 (1984)). It "grants a State immunity from suit in federal court by citizens of other States, and by its own citizens as well." *Lapides v. Bd. of Regents*, 535 U.S. 613, 616, 122 S. Ct. 1640, 152 L. Ed. 2d 806 (2002) (citation omitted). Both federal and pendent state law claims are barred from being asserted against a state in federal court. *Pennhurst State Sch. & Hosp.*, 465 U.S. at 119–21, 104 S. Ct. 900. This "immunity operates like a jurisdictional bar, depriving federal courts of the power to adjudicate suits against a state." *Union Pac. R. Co. v. La. Pub. Serv. Comm'n*, 662 F.3d 336, 340 (5th Cir. 2011) (internal citations omitted).

Eleventh Amendment immunity "extends to any state agency or entity deemed an 'alter ego' or 'arm' of the state." *Perez v. Region 20 Educ. Serv. Ctr.*, 307 F.3d 318, 326 (5th Cir. 2002). "This immunity also extends to state officials who are sued in their official capacities because such a suit is actually one against the state itself." *New Orleans Towing*

*Ass'n, Inc. v. Foster*, 248 F.3d 1143, 2001 WL 185033, at *3 (5th Cir. Feb. 6, 2001); *see Hafer v. Melo*, 502 U.S. 21, 25, 112 S. Ct. 358, 116 L. Ed. 2d 301 (1991) (citing *Kentucky v. Graham*, 473 U.S. 159, 166, 105 S. Ct. 3099, 87 L. Ed. 2d 114 (1985)); *Pennhurst*, 465 U.S. at 117, 104 S. Ct. 900.

This Mississippi Department of Public Safety, under which the Mississippi Highway Safety Patrol falls, is an arm of the state. *See Williams v. Mississippi Dep't of Pub. Safety*, No. 1:17-CV-00179-GHD-DAS, 2018 WL 1128133, at *3 (N.D. Miss. Mar. 1, 2018); *Delany v. Miss. Dep't of Pub. Safety*, No. 3:12-CV-229-TSL, 2013 WL 286365, at *3 (S.D. Miss. Jan 24, 2013), *aff'd*, 554 F. App'x 279 (5th Cir. 2014). Thus, a suit against Gilliard is a suit against the state of Mississippi, and is barred by the Eleventh Amendment if no exception applies.

There are three exceptions to Eleventh Amendment immunity: abrogation, waiver, and the *Ex parte Young* doctrine. Section 1983 did not abrogate states' Eleventh Amendment immunity with respect to those claims. *See Quern v. Jordan*, 440 U.S. 332, 345, 99 S. Ct. 1139, 59 L. Ed. 2d 358 (1979). The State of Mississippi has not waived immunity for § 1983 claims. *Moore v. Univ. Mississippi Med. Ctr.*, 719 F. App'x 381, 387 (5th Cir. 2018) The only possible exception, therefore, is the *Ex parte Young* doctrine.

*Ex parte Young* allows a suit to be brought against a state officer in federal court for the purpose of enforcing the Supremacy Clause of the Constitution if the following criteria are met: (1) the plaintiff has pleaded his case against the state official responsible for enforcing the law at issue in that person's official capacity; (2) the plaintiff has alleged an ongoing violation of federal law; and (3) the plaintiff has requested the proper relief, that is, prospective, injunctive relief, or monetary relief that is ancillary to prospective relief. *See Walker v. Livingston*, 381 F. App'x 477, 478 (5th Cir. 2010) (per curiam) (citing *Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 73, 116 S. Ct. 1114, 134 L. Ed. 2d 252 (1996)).

Williams's original complaint seeks no injunctive relief against Gilliard at all, and so does not overcome Eleventh Amendment immunity. The proposed amended complaint

4

seeks prospectively to enjoin Gilliard from engaging in unlawful customs, policies and practices, and an injunction restraining Gilliard and the Mississippi Highway Patrol from being deliberately indifferent to the serious medical needs of their arrestees. A permanent injunction directing a defendant not to commit constitutional violations in the future is only sufficient if there is a reasonable likelihood that the plaintiff will again be subject to those violations. *See Wallace v. Texas Tech Univ.*, 80 F.3d 1042, 1047 n.3 (5th Cir. 1996) ("Jurisdiction over a plaintiff's claims for future relief is appropriate only if a reasonable likelihood exists that *the plaintiff* will again be subjected to the allegedly unconstitutional actions.") (emphasis in original). Williams does not allege any facts establishing that Gilliard is currently committing an ongoing violation of federal law or that Williams is or will be subject to any such violation. The proposed amended complaint, therefore, also fails to overcome Gilliard's Eleventh Amendment Immunity. Thus, the proposed amended complaint is futile in at least that respect.

Further, for these reasons, Chris Gilliard's motion to dismiss based on Eleventh Amendment immunity should be granted. Because the original complaint does not seek injunctive relief against Gilliard at all, Williams' initial complaint also does not defeat Eleventh Immunity, and given that Williams apparently cannot plead Gilliard is committing a current ongoing violation of federal law, the Court does not have any jurisdiction over claims against him in his official capacity.

As to whether the proposed amendments state a claim against Myers and Shankle, the Court withholds any judgment at this time. Myers and Shankle assert that the proposed amendments are not specific enough to defeat their assertions of qualified immunity. But rather than explain why the proposed amendments do not defeat qualified immunity, they simply point to external evidence suggesting that the facts contained in them are untrue. *See* Resp. in Opp. at 4–5, Doc. 28. They also assert Williams cannot maintain a wrongful death suit because she has presented no evidence that Brownlee died of a heart attack.

These arguments misconstrue the relevant standard in determining whether an amended complaint is futile. That standard, the same as the 12(b)(6) standard, is whether the facts of the proposed amended complaint, accepted as true, state a plausible claim. *Phillips v. City of Dallas, Tex.*, 781 F.3d 772, 775–76 (5th Cir. 2015). Myers and Shankle are, in effect, attempting to impose a summary judgment standard on the amendment of pleadings. The Court would lastly note that the claim made against Myers is against him only in his official capacity, and "[g]overnment officials sued in their official capacity may not then assert good faith immunity as a defense." *Universal Amusement Co. v. Hofheinz*, 646 F.2d 996, 997 (5th Cir. 1981) (citing *Familias Unidas v. Briscoe*, 619 F.2d 391 (5th Cir. 1980)).

Given that leave to amend should be freely given, and that Myers and Shankle have not yet convinced the Court that Williams' amended claims against them are insufficient, Williams should be permitted to amend her claims with respect to the two. *See O'Keefe v. State Farm Fire & Cas. Co.*, No. 1:08CV600-HSO-LRA, 2009 WL 10676931 (S.D. Miss. Sept. 3, 2009) (granting in part and denying in part motion to amend where some amendments were futile and others were not).

## Conclusion

Williams' proposed amended complaint is futile with respect to claims against Chris Gilliard. The motion for leave to amend is therefore denied in part to the extent she seeks to amend her claims against him, and his motion to dismiss based on Eleventh Amendment Immunity is granted. Williams motion is granted in part to the extent she seeks to amend her claims against other defendants. Williams shall file a revised amended complaint consistent with the rulings of this opinion on or before February 14, 2019. Myers and Shankle may re-urge any motions attacking the sufficiency of her claims after that time. Finally,

their currently pending motion for judgment on the pleadings premised on the original complaint is denied as moot.

An order in accordance with this opinion shall issue.

This the 30th day of January, 2019.

/s/ Glen H. Davidson
SENIOR U.S. DISTRICT JUDGE