IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

THE ESTATE OF JAMES LEE BROWNLEE;
KAMEKO R. WILLIAMS, AS THE ADMINISTRATRIX
OF THE ESTATE OF JAMES LEE BROWNLEE, AND AS
NATURAL DAUGHTER AND NEXT FRIEND
OF JAMES LEE BROWNLEE, DECEASED, AND
ON BEHALF OF ALL OF THE HEIRS-AT-LAW
AND WRONGFUL DEATH BENEFICIARIES
OF JAMES LEE BROWNLEE, DECEASED                                PLAINTIFF

v.                                                             CAUSE NO:1:18cv128GHD-DAS

PATROLMAN ADAM ZACHARY, in his individual capacity;
DEPUTY CODY SHANKLE, in his individual capacity;
DEPUTY DIANA WESTMORELAND, in her individual capacity;
SHERIFF JAMES D. MEYERS, in his official capacity;
CHICKASAW COUNTY, MISSISSIPPI; CHICKASAW COUNTY,
MISSISSIPPI SHERIFF'S DEPARTMENT;
AND OTHER UNKNOWN JOHN AND JANE DOES 1-10              DEFENDANTS

**SECOND AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE
AND OTHER RELIEF**
(JURY TRIAL DEMANDED)

COMES NOW, Kameko R. Williams, as the natural daughter and next friend of James Lee Brownlee, deceased, and on behalf of all of the heirs-at-law and wrongful death beneficiaries of James Lee Brownlee, deceased, (hereinafter "Plaintiff), by and through her undersigned counsel, and files pursuant to Title 42 U.S.C. § 1983 and the Fourth, Eighth, and Fourteenth Amendments to the United States Courthouse this, her Complaint for Damages and Injunctive and Other Relief against Mississippi Highway Patrolman Adam Zachary, in his individual capacity; Chickasaw County, Mississippi Sheriff's Deputy Cody Shankle, in his individual capacity; Chickasaw County, Mississippi Sheriff's Deputy Diana Westmoreland, in her individual capacity; Chickasaw County, Mississippi Sheriff James D. Meyers, in his official

capacity; Chickasaw County, Mississippi; and other unknown John and Jane Does 1-10.  At all times pertinent to the acts and omissions alleged in this Complaint for Damages, the Defendants proximately caused past, current, and future damages to James Lee Brownlee, deceased, and to Plaintiff Williams and the heirs-at-law and wrongful death beneficiaries of James Lee Brownlee, deceased, by acting intentionally, maliciously, and with deliberate indifference Constitutional and other federally-protected rights of Mr. James Brownlee.  The individually-named Defendants' direct actions and omissions and the State, municipal, and officially-named Defendants' unlawful practices, customs, and policies and the effects of those on Mr. Brownlee and his heirs-at-law and wrongful death beneficiaries are more fully explained below.

## I.  JURISDICTION AND VENUE

1. Plaintiff Kameko R. Williams brings the aforementioned claims pursuant to Title 42 U.S.C. § 1983, the Eighth and Fourteenth Amendments to the United States Constitution, and other applicable state and federal statutes, constitutional provisions, and jurisprudence. The Estate, Ms. Williams, and those on whose behalf she acts in this lawsuit have exhausted all administrative remedies applicable to their claims set forth herein.

2. This Court has jurisdiction over this action because this civil action arises under the laws of the United States, namely Title 42 U.S.C. § 1983 and the Eighth and Fourteenth Amendments to the United States Constitution.  As such, this Court has jurisdiction over this matter pursuant to Title 28 U.S.C. §§ 1331 and 1343(a)(3) and (4).

3. Venue is proper in this Court pursuant to Title 28 U.S.C §1391(b)(2) because a substantial part of the events, acts, and omissions giving rise to Plaintiff's claims occurred within the boundaries of the Aberdeen Division of the Northern District of Mississippi.

## II. PARTIES

4. Plaintiff, **The Estate of James Lee Brownlee ("the Estate")**, is the duly authorized estate of James Lee Brownlee. The Estate has been lawfully established under the statutes, laws, and jurisprudence of the State of Mississippi.

5. Plaintiff, **KAMEKO R. WILLIAMS**, is the natural daughter of the deceased, James Lee Brownlee. She is an adult resident citizen of Mississippi, who resides at 599 Harpole Road, Maben, Webster County, Mississippi 39750. Plaintiff is the one of the wrongful death beneficiaries of James Lee Brownlee, deceased, under the Mississippi Wrongful Death Statute, Miss Code Ann § 11-7-13. Plaintiff Kameko R. Williams is the duly authorized administratrix of the Estate of James Lee Brownlee and, thus, represents the interests of the Estate and the heirs-at-law and wrongful death beneficiaries of Mr. James Lee Brownlee.

6. Defendant **PATROLMAN ADAM ZACHARY** ("Defendant Zachary") is an employee of the Mississippi Highway Patrol and may be served with lawful process by serving Commissioner Marshall Fisher at the Mississippi Department of Public Safety located at 1900 East Woodrow Wilson Drive, Jackson, Mississippi and by service on the Attorney General for the State of Mississippi, General Jim Hood, at the Walter Sillers Building, 500 High Street, Suite 1200, Jackson, Mississippi. At all times relevant to this Complaint, Defendant Zachary acted under color of state law.

7. Defendant **DEPUTY CODY SHANKLE** ("Defendant Shankle") is an employee of the Chickasaw County, Mississippi Sheriff's Department and may be served with process at 130 Lancaster Circle, Houston, Mississippi. At all times relevant to this Complaint, Defendant Shankle acted under color of state law.

8.     Defendant **DEPUTY DIANA WESTMORELAND** ("Defendant Westmoreland") was an employee of the Chickasaw County, Mississippi Sheriff's Department and may be served with process wherever found. At all times relevant to this Complaint, Defendant Westmoreland acted under color of state law.

9.     Defendant **CHICKASAW COUNTY, MISSISSIPPI SHERIFF JAMES D. MEYERS** ("Defendant Meyers") is an employee of the Chickasaw County Sheriff Department and may be served with process at 130 Lancaster Circle, Houston, Mississippi. At all times relevant to this Complaint, Defendant Meyers acted under color of state law.

10.    Defendant **CHICKASAW COUNTY, MISSISSIPPI** ("Defendant Chickasaw County, Mississippi" or "the County") is a political subdivision of the State of Mississippi. At all times mentioned in this Complaint, the County was and is a municipal corporation under the laws of the State of Mississippi.

11.    Defendant **CHICKASAW COUNTY, MISSISSIPPI SHERIFF'S DEPARTMENT** ("Defendant Chickasaw County, Mississippi Sheriff's Department" or "the Sheriff's Department") is a political subdivision of the State of Mississippi. At all times mentioned in this Complaint, the Sheriff's Department was and is a state authorized law enforcement agency organized and operated under the laws of the State of Mississippi.

12.    Defendants' **UNKNOWN JOHN AND JANE DOES 1-10** are individuals and/or entities whose names and identities are not known to the Plaintiff at this time but who acted in concert with or under the direction of the named defendants in proximately causing to James Lee Brownlee, the Plaintiff, and the heirs-at-law and wrongful death beneficiaries of James Lee Brownlee the damages referenced throughout this Complaint. It is believed that some are employees of the Mississippi Highway Safety Patrol and the Chickasaw County, Mississippi

Sheriff's Department. Plaintiff believes that through the discovery process, Plaintiff will learn the names and identities of **DEFENDANTS UKNOWN JOHN AND JANE DOES 1-10**. At that time, the Plaintiff will seek leave of this Honorable Court to amend her Complaint and identify the unknown persons and serve them with process for wrongs committed and violations against the rights, privileges, and immunities of the Plaintiff, all of which it is alleged were committed in their official and individual capacities.

### III.   STATEMENT OF PERTINENT FACTS

13.     Plaintiff re-alleges and re-incorporates into this Section all preceding paragraphs of this Complaint, including the un-numbered introductory paragraph and Numbered Paragraphs 1-12 of the Complaint as if fully set forth herein.

14.     On or about July 4, 2016, Defendant Zachary while acting under color of state law acted with deliberate indifference to the serious medical needs of Mr. James Lee Brownlee ("Mr. Brownlee"), even though Defendant Zachary knew and had observed signs that Mr. Brownlee was then undergoing a serious medical issue.

15.     At that time, Defendant Zachary had placed Mr. Brownlee under arrest on suspicion of a misdemeanor offense.

16.     During that arrest and while Defendant Zachary was transporting Mr. Brownlee to the Chickasaw County, Mississippi Sheriff's Department, Mr. Brownlee complained of sharp, intolerable, and extreme pain in his chest area and in his extremities, classic heart attack symptoms that should be known and easily identifiable not only to a layperson but also especially to a law enforcement professional with proper training.

17.     Defendant Zachary should have taken Mr. Brownlee to a hospital or other competent medical provider to address his serious medical condition.

18.     Despite Mr. Brownlee's continuous complaints of extreme sharp pain and discomfort in his chest area and extremities, Defendant Zachary failed to take Mr. Brownlee to a hospital or other competent medical provider to address his serious medical condition.

19.     While at the scene where Defendant Zachary arrested Mr. Brownlee, several of Mr. Brownlee's relatives heard Mr. Brownlee exclaim to Defendant Zachary about the intolerable pains and discomfort he was experiencing in his chest area and extremities, and they sent contemporaneous text communications to each other describing Mr. Brownlee's condition and repeated complaints.

20.     Instead, Defendant Zachary took Mr. Brownlee straight to the Chickasaw County, Mississippi Detention Center in the custody of the Chickasaw County, Mississippi Sheriff's Department and, in a manner that was deliberately indifferent to Mr. Brownlee's serious medical needs, left him there without regard to whether Mr. Brownlee's serious medical needs were taken care of.

21.     When the Chickasaw County, Mississippi Sheriff's Department, namely Defendant Shankle and Defendant Westmoreland, took custody of Mr. Brownlee from Defendant Zachary, they acted with deliberate indifference to, and ignored, Mr. Brownlee's medical complaints to them and other jail staff and in doing so, they failed to provide him medical attention at a hospital or by otherwise competent medical professionals.

22.     In fact, Defendants Shankle and Westmoreland failed to screen Mr. Brownlee properly for medical purposes, and in the limited, insufficient medical screening they gave Mr. Brownlee, they failed to document properly or accurately Mr. Brownlee's ailments and complaints of extreme pain and discomfort.

23. Defendants Shankle and Westmoreland knew and should have known that Mr. Brownlee had pre-existing medical conditions in include hypertension and heart disease at the time they took him into their custody.

24. Defendant Shankle and Defendant Westmoreland improperly, in an objectively unreasonable manner, and in deliberate disregard for Mr. Brownlee's serious medical needs solitarily confined Mr. Brownlee in a "lockdown cell."

25. Further, Defendants Shankle and Westmoreland failed to properly check on and monitor Mr. Brownlee after they placed him in a lockdown cell even though they knew that Mr. Brownlee and arrestees like him should be checked on and monitored in person at least every thirty minutes. Defendants Shankle and Westmoreland, instead, went hours without properly physically checking on Mr. Brownlee as an arrestee confined in a lockdown cell and as an arrestee with a serious medical condition and needs. In doing so, they were deliberately indifferent to his serious medical needs, which led to his death after he was not given proper medical attention.

26. Defendants Shankle and Westmoreland and other jailers at the Chickasaw County Detention Center habitually fail to check on and monitor arrestees and detainees at appropriate intervals, and they routinely create false and misleading headcount and physical check logs to hide the fact that they make such failures. Deputy Meyers and other superior officials with the Chickasaw County, Mississippi Sheriff's Department are aware of these repeated failures, and they take no steps to correct or remedy such deficiencies.

27. Mr. Brownlee suffered in pain and discomfort and exhibited further obvious signs and symptoms that he was then undergoing serious medical conditions and distress, including distress related to his having a heart attack, throughout the time he was put in lockdown up to his

death. A layperson would have, and a properly trained and supervised law enforcement professional certainly would have, recognized that Mr. Brownlee was having heart attack symptoms and needed medical attention.

28. During the time that Defendants Shankle and Westmoreland confined Mr. Brownlee in the lockdown cell without properly monitoring and checking on him and attending to his medical needs, Mr. Brownlee continued to express that he was in pain and having classic heart attack symptoms which Defendants Shankle and Westmoreland would have recognized had they been properly trained and properly supervised.

29. Other arrestees in the Chickasaw County Detention Center heard Mr. Brownlee's groans and complaints regarding his serious medical condition when he was in the lockdown cell.

30. Because of the deliberate indifference of the Defendants toward Mr. Brownlee's known serious medical needs, Mr. Brownlee died of a heart attack on the morning of July 5, 2016, without the defendants affording him the opportunity to have his serious medical condition being treated with appropriate medical care.

31. Pretrial detainees have the Constitutional right under the Eighth and Fourteenth Amendments to the United States Constitution to not suffer infliction of cruel and unusual punishment.

32. Pretrial detainees have the Constitution right under the Eighth and Fourteenth Amendments to the United States Constitution to be provided with medical care when they suffer from known serious medical needs.

33. Defendant Meyers in serving as the Sheriff of the Chickasaw County, Mississippi Sheriff's Department was responsible for maintaining policies, customs, procedures, and

practices to ensure that arrestees and prisoners are given medical attention when they suffer from known serious medical needs.

34. Chickasaw County, Mississippi was also responsible for maintaining policies, customs, procedures, and practices to ensure that arrestees and prisoners are given medical attention when they suffer from known serious medical needs.

35. Defendant Meyers, Defendant Chickasaw County, Mississippi Sheriff's Department, and Defendant Chickasaw County, Mississippi have a policy, custom, procedure, and practice of failing to ensure that arrestees and prisoners are given medical attention when they suffer from known serious medical needs.

36. Defendant Meyers, Defendant Chickasaw County, Mississippi Sheriff's Department, and Defendant Chickasaw County, Mississippi have a policy, custom, procedure, and practice of failing to ensure that Deputies at the Chickasaw County Detention Center are adequately trained to detect when arrestees and prisoners are suffering from serious medical needs and fail to supervise their deputies such as Deputy Shankle and Deputy Westmoreland. Those failures resulted in the death of Mr. Brownlee.

37. Defendant Meyers, Defendant Chickasaw County, Mississippi Sheriff's Department, and Defendant Chickasaw County, Mississippi have a policy, custom, procedure, and practice of failing to ensure that Deputies at the Chickasaw County Detention Center provide adequate medical attention when they recognize that arrestees and prisoners have serious medical needs. Such a failure occurred with respect to Mr. Brownlee on the date in question and led to his death without his having the opportunity to have appropriate medical treatment.

38. Defendant Meyers, Defendant Chickasaw County, Mississippi Sheriff's Department, and Defendant Chickasaw County, Mississippi know that failing as described above can result in

damage and other seriously harmful ways, to include the death of arrestees and prisoners. Such a failure occurred with respect to Mr. Brownlee on the date in question and led to his death without his having the opportunity to have appropriate medical treatment.

39. Defendant Meyers, Defendant Chickasaw County, Mississippi Sheriff's Department, and Defendant Chickasaw County, Mississippi as a custom, policy, and practice routinely fail to check on and monitor with sufficient regularity arrestees and detainees who have serious medical needs. Defendant Meyers, Defendant Chickasaw County, Mississippi Sheriff's Department, and Defendant Chickasaw County, Mississippi failed to train and supervise Deputies Shankle and Westmoreland in those regards. Such failures occurred with respect to Mr. Brownlee on the date in question and led to his death without his having the opportunity to have appropriate medical treatment.

40. Defendant Meyers, Defendant Chickasaw County, Mississippi Sheriff's Department, and Defendant Chickasaw County, Mississippi as a custom, policy, and practice routinely fail to check on and monitor with sufficient regularity arrestees and detainees who are placed in lockdown cells. Defendant Meyers, Defendant Chickasaw County, Mississippi Sheriff's Department, and Defendant Chickasaw County, Mississippi failed to train and supervise Deputies Shankle and Westmoreland in those regards. Such a failure occurred with respect to Mr. Brownlee on the date in question and led to his death without his having the opportunity to have appropriate medical treatment.

41. Defendant Meyers, Defendant Chickasaw County, Mississippi Sheriff's Department, and Defendant Chickasaw County, Mississippi as a custom, policy, and practice routinely fail to medically screen adequately arrestees for medical conditions and to assess and provide medical care for arrestees and detainees who have serious medical needs. Defendant Meyers, Defendant

Chickasaw County, Mississippi Sheriff's Department, and Defendant Chickasaw County, Mississippi failed to train and supervise Deputies Shankle and Westmoreland in those regards. Such a failure occurred with respect to Mr. Brownlee on the date in question and led to his death without his having the opportunity to have appropriate medical treatment.

42. Defendant Meyers, Defendant Chickasaw County, Mississippi Sheriff's Department, and Defendant Chickasaw County, Mississippi knew of these routine failures and were on notice that such failures would likely result in death and irreparable harm. Those failures resulted in Mr. Brownlee's death.

43. The unlawful customs, policies, and procedures of Defendant Meyers, Defendant Chickasaw County, Mississippi Sheriff's Department, and Defendant Chickasaw County, Mississippi create an ongoing and substantial risk and danger of irreparable harm if this Court were not to enter declaratory and injunctive relief to curb those unlawful customs, policies, and procedures.

44. Defendants JOHN AND JANE DOES 1-10 include other Mississippi Highway Safety Patrolmen who with knowledge of Mr. Brownlee's serious medical needs and with deliberate indifference failed to obtain the appropriate medical attention for Mr. Brownlee. Those defendants also include bystanders who failed to act in a manner to prevent Defendant Zachary from doing so. Their acts were in deliberate indifference to Mr. Brownlee's known serious medical needs.

45. Defendants JOHN AND JANE DOES 1-10 include other Chickasaw County, Mississippi Sheriff's Deputies who with knowledge of Mr. Brownlee's serious medical needs and with deliberate indifference failed to obtain the appropriate medical attention for Mr. Brownlee. Those defendants also include bystanders who failed to act in a manner to prevent Defendant

Shankle and Defendant Westmoreland from doing so. Their acts were in deliberate indifference to Mr. Brownlee's known serious medical needs.

## IV. CAUSES OF ACTION
### A. COUNT ONE: EIGHTH AND FOURTEENTH AMENDMENT CRUEL AND UNUSUAL PUNISHMENT AND INADEQUATE MEDICAL CARE CLAIMS (BROUGHT PURSUANT TO TITLE 42 U.S.C. §1983)

46. Plaintiff re-alleges and re-incorporates into this Section all preceding paragraphs of this Complaint, including the un-numbered introductory paragraph and Numbered Paragraphs 1-45 of the Complaint as if fully set forth herein.

47. Defendants Zachary, Shankle, and Westmoreland acted under color of state law in knowingly depriving Mr. James Lee Brownlee of a known right secured by the Constitution and laws of the United States of America.

48. That such deprivation was of Mr. James Lee Brownlee's rights under the Eighth and Fourteenth Amendments to the United States Constitution to be free from cruel and unusual punishment and to be provided adequate medical care in response to his known serious medical needs.

49. Defendant Meyers, Defendant Chickasaw County Sheriff's Department, and Defendant Chickasaw County also acted under color of law in knowingly depriving Mr. James Lee Brownlee of his known right to be free from cruel and unusual punishment and to be provided adequate medical care in response to his known serious medical needs in establishing, maintaining, and carrying out customs, policies, and practices that resulted in that deprivation. They failed to train and supervise adequately their officers, including Deputies Shankle and Westmoreland, and those failures resulted in the death of Mr. Brownlee without his having the opportunity to have adequate medical care for his serious medical needs.

50.     Plaintiff Williams, Mr. Brownlee, and Mr. Brownlee's heirs-at-law and wrongful death beneficiaries suffered damages as a result of the acts and omissions referenced in Numbered Paragraphs 46-49.

### B.  COUNT TWO: FOURTH AND FOURTEENTH AMENDMENT UNLAWFUL SEIZURE AND FALSE ARREST CLAIMS (BROUGHT PURSUANT TO TITLE 42 U.S.C. §1983)

51.     Plaintiff re-alleges and re-incorporates into this Section all preceding paragraphs of this Complaint, including the un-numbered introductory paragraph and Numbered Paragraphs 1-50 of the Complaint as if fully set forth herein.

52.     Defendant Zachary acted under color of state law in knowingly and intentionally depriving Mr. James Lee Brownlee of a known right secured by the Constitution and laws of the United States of America.

53.     That such deprivation was of Mr. James Lee Brownlee's rights under the Fourth and Fourteenth Amendments to the United States Constitution to be free from unlawful seizure, from false arrest, and from arrest without probable cause.

54.     Defendant Zachary arrested Mr. James Lee Brownlee without having probable cause to believe Mr. Brownlee had committed a crime.

55.     Plaintiff Williams, Mr. Brownlee, and Mr. Brownlee's heirs-at-law and wrongful death beneficiaries suffered damages as a result of the acts and omissions referenced in Numbered Paragraphs 51-54.

### C.  COUNT THREE: FOURTH AND FOURTEENTH AMENDMENT WRONGFUL DETENTION AND FALSE IMPRISONMENT CLAIMS (BROUGHT PURSUANT TO TITLE 42 U.S.C. §1983)

56. Plaintiff re-alleges and re-incorporates into this Section all preceding paragraphs of this Complaint, including the un-numbered introductory paragraph and Numbered Paragraphs 1-55 of the Complaint as if fully set forth herein.

57. Defendant Zachary acted under color of state law in knowingly and intentionally depriving Mr. James Lee Brownlee of a known right secured by the Constitution and laws of the United States of America.

58. That such deprivation was of Mr. James Lee Brownlee's rights under the Fourth and Fourteenth Amendments to the United States Constitution to be free from wrongful detention and false and unlawful imprisonment.

59. Defendant Zachary wrongfully detained and unlawfully imprisoned Mr. James Lee Brownlee without having probable cause to believe Mr. Brownlee had committed a crime.

60. Plaintiff Williams, Mr. Brownlee, and Mr. Brownlee's heirs-at-law and wrongful death beneficiaries suffered damages as a result of the acts and omissions referenced in Numbered Paragraphs 56-59.

### V.  DAMAGES

61. Plaintiff re-alleges and re-incorporates into this Section all preceding paragraphs of this Complaint, including the un-numbered introductory paragraph and Numbered Paragraphs 1-60 of the Complaint as if fully set forth herein.

62. This is an action to recover actual, compensatory, and punitive damages for acts of deliberate indifference to known serious medical needs, which proximately resulted in the death of Mr. James Lee Brownlee.

63. In addition to his death, the defendants' deliberate indifference to Mr. Brownlee's known serious medical needs resulted in prolonged pain and suffering during the time he was transported to jail and during the time he was left alone in one of the jail's solitary "lockdown cells."

64. This is also an action to recover actual, compensatory, and punitive damages for acts of knowing and intentionally violations of James Lee Brownlee's rights to be free from unlawful and false arrest and from wrongful, unlawful, and prolonged detention and imprisonment, which proximately resulted in the death of Mr. James Lee Brownlee.

65. Plaintiff and the heirs-at-law and wrongful death beneficiaries have suffered mental anxiety, stress, and the loss of companionship of Mr. James Lee Brownlee. Plaintiff is also entitled to damages for all amounts due under Mississippi Wrongful Death Statute, Miss Code Ann. § 11-7-13.

## VI. JURY TRIAL DEMANDED

66. Plaintiff demands a jury trial.

67. Plaintiff seeks an award in this action commensurate with the full extent of Mr. Brownlee's and his injuries and damages.

## VII. ATTORNEY'S FEES

68. Plaintiff is entitled to an award of attorney fees, expenses, and costs pursuant to Title 42 U.S.C. § 1988(b).

## VIII. PRAYER FOR RELIEF

69.     Plaintiff re-alleges and re-incorporates into this Section of the Complaint the un-numbered introductory paragraph and Numbered Paragraphs 1-68 of the Complaint as if fully set forth herein.

70.     Plaintiff prays for actual and punitive damages against the individual Defendants for Defendants' deliberate indifference to medical needs, ultimately culminating in James Lee Brownlee's unnecessary and prolonged suffering and death, and because said negligence proximately cause Brownlee's unnecessary and prolonged suffering and death.  Further, Plaintiff prays for reasonable attorneys' fees and costs.

71.     Plaintiff prays, too, that the Court issue the following injunctive relief:

    a.  Enter declaratory relief declaring that Defendant Meyers, the Chickasaw County, Mississippi Sheriff's Department, and Chickasaw County, Mississippi have engaged in customs, policies and practices that are deliberately indifferent to the serious medical needs of their arrestees, to include Mr. James Lee Brownlee, and that such customs, policies and practices have resulted in death and other irreparable harm;

    b.  Enjoin Defendant Meyers, the Chickasaw County, Mississippi Sheriff's Department, and Chickasaw County, Mississippi from in the future engaging in such unlawful customs, policies, and practices;

    c.  Enter temporary and permanent injunctions restraining Defendant Meyers, the Chickasaw County, Mississippi Sheriff's Department, and Chickasaw County, Mississippi from being deliberately indifferent to the to the serious medical needs of their arrestees; and

    d.  Requiring Defendant Meyers, the Chickasaw County, Mississippi Sheriff's Department, and Chickasaw County, Mississippi to obtain and pay for the services of an

independent federal monitor for a period of time to be determined by the Court to ensure that Defendant Meyers, the Chickasaw County, Mississippi Sheriff's Department, and Chickasaw County, Mississippi abide by all terms and conditions that the Court may require to comply with the terms and conditions of any injunctive and remedial relief the Court may impose as a result of this civil action.

**RESPECTFULLY SUBMITTED**, on this, the 16th day of January, 2020.

        **Kameko R. Williams**
        **Plaintiff, as Administratrix of the Estate of James Lee Brownlee, and on behalf of herself and the heirs-at-law and wrongful death beneficiaries of James Lee Brownlee, deceased**

        *s/E. Carlos Tanner, III, Esq.*
        E. Carlos Tanner, III, Esq. MSB #102713
        TANNER & ASSOCIATES, LLC
        263 East Pearl Street
        Jackson, Mississippi 39201
        carlos.tanner@thetannerlawfirm.com
        601.460.1745 (telephone)
        662.796.3509 (facsimile)